# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

Nº 05 Civ. 4498 (RJS)

_____

EARVIN L. BROWN,

Plaintiff,

VERSUS

PATTY NELSON, DEPUTY SUPERINTENDENT OF
PROGRAMS, AND C.O. STEPHEN PETRIE,

Defendants.

_____

MEMORANDUM AND ORDER
August 27, 2008

_____

RICHARD J. SULLIVAN, District Judge:

Before the Court is *pro se* plaintiff Earvin L. Brown's motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff seeks reconsideration of the Court's order dismissing his case for failure to timely file an amended complaint after the Honorable Kenneth M. Karas, District Judge, granted the defendants' motion to dismiss the action. For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history of this action as set forth, at length, in Judge Karas' dismissal decision, *Brown v. Nelson*, No. 05 Civ. 4498 (KMK) (S.D.N.Y. Jan. 25, 2008) (hereinafter "*Brown I*").

Plaintiff, who is legally blind, filed a complaint on May 9, 2005, alleging that Defendants, both corrections officers, failed to provide him with access to the equipment required to reasonably accommodate his disability, thus preventing his access to the courts. Plaintiff further alleged that such actions were retaliatory because Plaintiff had previously filed a grievance against the officers. While the original complaint did not expressly state the legal grounds for suit, Judge Karas construed his complaint to suggest three causes of action: (1) retaliation against Plaintiff's First Amendment-protected activity, actionable under 42 U.S.C. § 1983; (2) denial of meaningful access to the courts, also actionable under § 1983; and (3) discrimination against the disabled, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794.

Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which was granted on January 25, 2008. Judge Karas concluded that Plaintiff had "failed to allege sufficient facts that would support a reasonable jury verdict in his favor on any claim." *Brown I* at 16. However, Judge Karas gave Plaintiff thirty days to file an amended complaint. *Id.* at 17. He cautioned Plaintiff "that the Court will strictly enforce this deadline. The Court will dismiss the case without further notice to the Parties if such an amended complaint is not timely filed." *Id.* On January 30, 2008, the case was reassigned to the undersigned.

In an Order dated May 19, 2008 (the "May Order"), the Court noted that Plaintiff had failed to file an amended complaint and also had failed to communicate at all with the Court. Accordingly, the case was dismissed.

On June 23, 2008, Plaintiff filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, asking the Court to reconsider the May Order and allowing him to file his amended complaint. Plaintiff attached a copy of his proposed amended complaint to the motion.

## II. DISCUSSION

### A. Motion for Reconsideration

#### 1. Legal Standard

When considering a motion for relief from judgment pursuant to Rule 60(b), the Court must "strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F. 2d 58, 61 (2d Cir.1986). Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). A motion under Rule 60(b) must be made "within a reasonable

time," except that for reasons (1), (2), and (3), motions must be made no more than a year after the entry of judgment. Fed. R. Civ. Pro. 60(c).

While Plaintiff did not specify the grounds under which he sought reconsideration of the Court's decision, Plaintiff's motion alleges circumstances which, when most liberally read, could be asserted either under Rule 60(b)(1) or 60(b)(6). *See Brown v. De Fillipis*, No. 87 Civ. 3498 (RWS), 1989 U.S. Dist. LEXIS 15385, at *4 (S.D.N.Y. Dec. 22, 1989). Rule 60(b)(1) provides for relief from judgment based on a showing of excusable neglect. It is most frequently invoked to seek relief from counsel's error. However, where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted "excusable neglect." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004).

The Supreme Court has interpreted Rule 60(b)(6) to require a showing of "extraordinary circumstances" to "justify[] the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation marks omitted). *See also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) ("[Rule 60(b)(6)] should only be applied in extraordinary circumstances"); *Ackermann v. United States*, 340 U.S. 193, 199 (1950) (same). However, Rule 60(b)(6), "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice, and it constitutes a grand reservoir of equitable power to do justice in a particular case. It is properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue

hardship, and should be liberally construed when substantial justice will thus be served." *Matarese v. LaFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (quotations and citations omitted); *see also Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).[1]

"Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal citations and quotation marks omitted); *Raposo v. United States*, No. 01 Civ. 5870 (DAB) *et al.*, 2005 U.S. Dist. LEXIS 1779, at *9 (S.D.N.Y. Feb. 8, 2005) (the "highly convincing" evidence requirement also applies to pro se litigants) (citing cases).

Because Plaintiff appears *pro se* in this matter, this Court construes his motion liberally and interprets it "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

---

[1] In addition to characterizing the showing required to grant a Rule 60(b)(6) motion as one of "extraordinary circumstances," the Second Circuit has also described the required showing as one of "exceptional circumstances." *See New York v. Green*, 420 F. 3d 99, 108 n.3 (2d Cir. 2005) (citing *United States v. Cirami*, 535 F. 2d 736, 741 (2d Cir. 1976)). The terms are synonymous. *See United States v. Cirami*, 563 F. 2d 26, 30 (2d Cir. 1977) (using "exceptional or extraordinary circumstances").

2. Analysis

Plaintiff filed this reconsideration motion on June 23, 2008, a little more than a month after the May Order was issued. Considering that Plaintiff is *pro se*, has a disability, and is in prison, thirty-five days to file such a motion cannot be said to be unreasonable. Therefore, the Court deems Plaintiff's reconsideration motion to be timely. *See, e.g.*, *Air India, LTD. v. Brien*, 239 F.R.D. 306, 310 (E.D.N.Y. 2006) (two and a half month delay reasonable). However, the Court concludes that Plaintiff has failed to show either the excusable neglect or the extraordinary circumstances required to prevail on a Rule 60(b) motion.

In his motion for reconsideration, Plaintiff alleges that he was unable to file his amended complaint within the required thirty days for three reasons, all tied to "ongoing discrimination/retaliation ... that [has] denied Plaintiff meaningful access to the law library [and] ... [the] right to hav[e] a 'legal assistant' from [the] law library." Specifically he notes that there is a broken book scanner, no access to a legal assistant, and broken "SDU computer," all of which he needs because of his disability.

First, Plaintiff's allegations do not rise to the level of "extraordinary circumstances" required by Rule 60(b)(6). *See Matarese*, 801 F.2d at 107 (holding that uneducated prisoner proceeding *pro se* did not demonstrate extraordinary circumstances under Rule 60(b) when he was ignorant of his right to appeal and no one at prison would give him legal advice); *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003) (holding that *pro se* plaintiff's inability to

"identify an accessible law library," "lack of understanding" of Court's requests and required documents, and "failure of the Pro Se Office" to assist her were not extraordinary circumstances justifying relief under Rule 60(b)); *Kellogg v. Strack*, 96 Civ. 2118 (DLC), 2000 U.S. Dist. LEXIS 6230, at *5 (S.D.N.Y. May 5, 2000) (holding that conditions of incarceration, including limited access to law library, insufficient to excuse plaintiff from meeting deadlines); *see also New Card, Inc. v. Glenns*, No. 00 Civ. 4756 (RMB), 2004 WL 540417, at *4 (S.D.N.Y. Mar. 18, 2004) (finding no extraordinary circumstances to reopen default judgment when movant's reason for failing to appear was due to illness), *aff'd*, 137 F. App'x 384, 387 (2d Cir. 2005).

Second, Plaintiff's allegations do not establish "excusable neglect." Where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted "excusable neglect." *State St. Bank & Trust Co.*, 374 F.3d at 177. Furthermore, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). Plaintiff was given clear warnings that failure to comply with Judge Karas' order would result in the dismissal of his case. Plaintiff had ample opportunity to comply with *Brown I* — indeed, this Court gave Plaintiff nearly four months before dismissing the case — and failed to either file the amended complaint or to seek an extension of time in which to file the amended complaint.

Plaintiff argues that his failure to comply was based on his inability to access the law

library and other legal resources. However, Plaintiff has failed to present "highly convincing" evidence in support of this claim. *See Kotlicky*, 817 F.2d at 9. Furthermore, Plaintiff's claims are belied by his frequent and voluminous filings during the period between *Brown I* and the May Order. For example, in an action in the Northern District of New York, *Brown v. Department of Correctional Services*, No. 04-CV-774 (N.D.N.Y.), Plaintiff, proceeding *pro se*, successfully filed a notice of appeal, a motion to proceed *in forma pauperis* on the appeal, and other communications with the Court of Appeals during the period in question.[2] In addition, nowhere in these communications did Plaintiff assert any hardship based on his inability to access prison law library materials. *See Broadway v. City of New York*, No. 96 Civ. 2798 (RPP), 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2003) (holding that *pro se* plaintiff who suffered from a disability and was "in and out" of prison did not demonstrate extraordinary circumstances to justify relief because he was still able to file multiple documents with District Court and Court of Appeals).

Finally, the Court notes that Plaintiff also failed to request an extension of time — a request which would not have required access to the law library. *See Kellogg*, 2000 U.S. Dist. LEXIS 6230, at *5.

---

[2] The Court, like Judge Karas, *see Brown I* at 14, takes judicial notice of the docket entries in *Brown v. Department of Correctional Services*, No. 04-CV-774 (N.D.N.Y.).   *See Brown I*, at 14-15; *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) (per curiam); *Garden City Boxing Club, Inc. v. Rojas*, No. 05-CV-1074, 2006 WL 3388654, at *5 n.2 (E.D.N.Y. Nov. 21, 2006).

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

### B.  Plaintiff's Amended Complaint

Nevertheless, even assuming *arguendo* that the Court had granted Plaintiff's motion for reconsideration, the Court would dismiss the amended complaint.

### 1.  Legal Standard

A "district court has the power to dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted [if it provides] the plaintiff an opportunity to be heard." *Shelly v. Brandveen*, No. 06-CV-1289 (NGG), 2006 U.S. Dist. LEXIS 15487, at *13-14 (E.D.N.Y. Mar. 31, 2006) (quoting *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam)) (internal quotations omitted). In determining whether to dismiss a complaint for failure to state a claim, "a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)). Public records may also be considered. *See Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)

A district  court also has the authority to dismiss a complaint if it determines the action to be frivolous. *Fitzgerald v. First E. Seventh*

*St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Zhang v. Wang*, No. 06-5255-cv, 2008 U.S. App. LEXIS 5697, at *4 (2d Cir. Mar. 18, 2008). A complaint is frivolous if it lacks arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Lewis v. Donahue*, No. 3:04-cv-01452, 2006 U.S. Dist. LEXIS 36724, at *4 (N.D.N.Y. June 6, 2006).

## 2. Analysis

The Court concludes that Plaintiff's amended complaint is frivolous because it merely restates allegations in prior actions that have been decided on the merits.

Pages 2 through 7 of the twenty-five page amended complaint are simply a photocopy of Plaintiff's original complaint. The issues raised therein were dealt with on the merits by Judge Karas in *Brown I* and are precluded by the law of the case doctrine. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008); *see also In re Manhattan Invest. Fund Ltd.*, 343 B.R. 63, 67 (S.D.N.Y. 2006).

Pages 8 through 24 are simply a re-typing and re-ordering of the allegations set forth in his complaint filed with the District Court in the Northern District of New York ("Northern District Complaint"). A jury in that case found that Plaintiff had no cause of action and judgment was entered accordingly on February 28, 2008. Plaintiff is currently appealing that ruling. Under the doctrine of *res judicata*, the Court is barred from hearing these allegations. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002); *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997); *Charles v. City of New York*, No. 99 Civ. 3786 (RWS), 2007

WL 2728407, at *7 (S.D.N.Y. Sept. 17, 2007); *see also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4427 (2d ed. 2002) ("[R]es judicata ordinarily attaches to a final lower-court judgement even though an appeal has been taken and remains undecided."); *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998) (reasoning that the doctrine is "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979))).

The only arguably new allegation in the amended complaint is set forth at Paragraph 2, on page 24, which alleges retaliation relating to a "talking dictionary" purchased by Plaintiff. Specifically, Plaintiff alleges that the New York State Department of Correctional Services ("DOCS") would not purchase a talking dictionary, but it allowed him to buy one and keep it in his cell. Plaintiff alleges that two years later, DOCS either stole or lost his dictionary. He further alleges that although he subsequently purchased another dictionary, DOCS now will not let him have it. Plaintiff claims that these actions were taken in retaliation against him in response to grievances filed by Plaintiff against corrections officers. Plaintiff claims that he "will need the dictionary ... to be able to meet the court rules ... or to even answer [Defendants'] reply brief." (Pl.'s Am. Compl. ¶ 4(a).)

Although there are no exact dates in the amended complaint, Plaintiff's allegation that the dictionary was either stolen or lost

duplicates an allegation made in his Northern District Complaint filed in 2004. In the Northern District Complaint, Plaintiff alludes to the talking dictionary in two paragraphs. In Paragraph 106(j), Plaintiff states that defendants in that case did "not properly investigate the theft of [B]rown's personal property." Also, in Paragraph 107(i), Plaintiff states that he wants "the electronic dictionar[y] to be replaced." However, in that complaint, there were no allegations of retaliation. Accordingly, Plaintiff is barred from litigating this issue now under the doctrine of *res judicata*. *See Irish Lesbian and Gay Org.*, 143 F.3d at 644 (citing *Parklane Hosiery* at 326-27 n.5) ("Res judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated.").

Moreover, even construing Paragraph 2 of the amended complaint to raise the strongest possible arguments – namely, that Defendants denied Plaintiff access to the courts by preventing his use of the talking dictionary (*see* Amended Compl. at 24, ¶¶ 2, 4(a)) – the Court nevertheless finds that Plaintiff's allegations *still* fail to state a claim. First, there is no constitutional requirement for an inmate to have a dictionary. As Judge Karas noted, "[t]he Constitution requires 'access to paper, pens, notarial services, stamps, and adequate library facilities' . . . as the tools to produce hand-written submissions [necessary to] satisfy the right." *Brown I* at 13 (quoting *Taylor v. Coughlin*, 29 F.3d 39, 40 (2d Cir. 1994) (citing *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977))). Second, Plaintiff fails to allege how the loss of the dictionary prevented his access to the courts. Indeed, since there is no requirement that Plaintiff use certain words or have correct spelling in order for a court to hear his claim, it cannot plausibly be said that denial of Plaintiff's talking dictionary in any way prevented him from access to the courts. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (dimissal may be warranted where it is apparent from the face of the complaint that the claim is not plausible). Considering "the facts stated on the face of the complaint," *Leonard F. V. Israel Disc. Bank of N.Y., 199 F.3d at 107,* as well as "matters of which judicial notice may taken," *id.* – such as the fact that Plaintiff was able to file numerous other submissions in this case and in matters before the Northern District of New York and the Court of Appeals – it is clear that Plaintiff's amended complaint warrants dismissal for failure to state a claim.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully requested to terminate the motion docketed at document number 26.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: August 27, 2008
New York, New York

* * *

7

Plaintiff Earvin L. Brown appears *pro se*. Defendants Patty Nelson and C.O. Stephen Petrie are represented by Maria Barous Hartofilis, Assistant Attorney General, Office of the Attorney General of the State of New York, 120 Broadway, New York, New York 10271.